Affirmed and Memorandum Opinion filed April 15, 2004









Affirmed and Memorandum Opinion filed April 15, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00539-CR

_______________

 

REYES LOPEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________

 

On
Appeal from the 176th District Court

Harris County, Texas

Trial
Court Cause No. 931,786

______________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Reyes
Lopez appeals a conviction for marijuana possession[1]
on the ground that the trial court erred in denying his motion to suppress the
marijuana recovered by police officers because they had illegally detained him
at the time he threw the bag containing it to the ground.  We affirm.








A
trial court=s ruling on a motion to suppress is
reviewed for abuse of discretion, giving almost total deference to any findings
of historical facts and reviewing the application of search and seizure law de
novo.  Ballentine v. State, 71
S.W.3d 763, 768 (Tex.
Crim. App. 2002).  Where, as here, the trial court did not make
explicit findings of historical facts, we review the evidence in a light most
favorable to the trial court=s ruling and assume that it made implicit findings of fact
that are supported in the record.  Id.

When a defendant Aabandons@ property intentionally, and not due
to police misconduct, no Fourth Amendment seizure occurs if police take
possession of the property, and the defendant lacks standing to contest the
reasonableness of their search of the property. 
Swearingen v. State, 101 S.W.3d 89, 101 (Tex. Crim. App.
2003).  Law enforcement officers do not
violate the Fourth Amendment by merely approaching an individual in a public
place and asking him questions if he is willing to listen, provided that they
do not induce his cooperation by coercive means, and a reasonable person would
feel free to decline the request. United States v. Drayton, 536 U.S.
194, 200-02 (2002).

In this case, evidence in the record that supports the trial
court=s ruling includes the testimony of
the police officers who followed appellant to his house and then approached him
as he was walking toward the residence. 
One of the officers asked, Acan I talk to you for a minute.@ 
Although they did not verbally identify themselves as police, both were
wearing raid jackets.  In approaching
appellant, the officers did not: (1) display weapons; (2) instruct him to stop,
turn around, or put his hands up; (3) physically restrain him; or (4) otherwise
formally exert their authority.  After
turning around, appellant tossed the white bag he was carrying behind him into
the yard, and nervously asked, Awhat did I do@ and Awhat do you need with me.@ 
After discovering a brick of marijuana in the bag, the officers arrested
appellant.








Although
appellant=s testimony conflicted with that of
the officers, there is evidence in the record supporting the trial court=s implied rulings that the police
officers had taken no coercive action at the time appellant threw the bag to
the ground, and, accordingly, that he had abandoned the property for Fourth
Amendment purposes.  Therefore, appellant=s sole point of error is overruled,
and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed April 15, 2004.

Panel consists of
Justices Fowler, Edelman, and Smith.[2]

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 











[1]           Appellant
pled guilty to the offense, and the trial court sentenced him to two years
confinement, suspended the sentence, placed him on community supervision for
four years, and assessed a fine of $300.





[2]           Senior
Justice Jackson B. Smith sitting by assignment.